

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

January 27, 1939

Hon. Charles H. Slaughter
County Attorney
Stanton, Texas

Dear Mr. Slaughter:

Opinion No. O-163
Re: Fees of Notary Public for
drawing cotton contracts.

Your request for an opinion on the following question:

"Whether a Notary Public may charge fees
for drawing 'cotton contracts' for farmers and
whether same is true if the Notary was acting
as an officer of a National Bank in connection
with loans being made to farmers?"

has been received by this office.

Article 430a, Penal Code, provides in part:

"It shall be unlawful for any corporation
or any person, firm, or association of persons,
except natural persons who are members of the
bar regularly admitted and licensed, to practice
law."

Said Article further defines the practice of law
as follows:

"Whoever (a) In a representative capacity
appears as an advocate or draws papers, plead-
ings, or documents, or performs any act in con-
nection with proceedings pending or prospective
before a court or a justice of the peace, or a
body, board, committee, commission or officer
constituted by law and having authority to take
evidence in or settle or determine controversies

in the exercise of the judicial power of the State or subdivision thereof; or, (b) For a consideration, reward or pecuniary benefit, present or anticipated, direct, or indirect, advises or counsels another as to secular law, or draws a paper, document, or instrument affecting or relating to secular rights; or, (c) For a consideration, reward, or pecuniary benefit, present or anticipated, direct or indirect, does any act in a representative capacity in behalf of another tending to obtain or secure for such other the prevention or the redress of a wrong or the enforcement or establishment of a right; or, (d) For a consideration, direct or indirect, gives an opinion as to the validity of the title to real or personal property, or (e) As a vocation, enforces, secures, settles, adjusts or compromises defaulted, controverted or disputed accounts, claims or demands between persons with neither of whom he is in privity or in the relation of employer and employee in the ordinary sense; is practising law. Nothing in this section shall be construed to prohibit any person, firm, association or corporation, out of court, from attending to or caring for his or its own business, claims or demands, or the claims, demands or traffic business of said corporation or of the individual members of said corporations or associations; nor from preparing abstracts of title, certifying, guaranteeing or insuring titles to property, real or personal, or an interest therein, or a lien or encumbrance thereon, nor shall anything in this section be construed as prohibiting any bank or trust company without resorting to court action from acting for its customer in enforcing, securing, settling or adjusting any item mentioned in subdivision (e) above, nor shall anything in this section prohibit any person or association of persons from pursuing as a vocation the business of adjusting insurance or freight rate claims; provided further that nothing in this Act shall prohibit any person or association of persons from appearing before any Board, Commission or Administrative Body in connection with their vocation of adjusting Insurance or Freight Rate claims; provided that subdivision (e) hereof shall not prohibit any individual, company, corporation or association, owning, operating, managing or controlling any collecting

agency, commercial agency, or commercial report-
ing credit agency within this State, subject to
an occupation tax under Article 7061, Chapter 2,
Title 122, Revised Civil Statutes, 1925, of Texas,
from furnishing reports and collecting, securing,
settling, adjusting or compromising, out of court,
defaulted, controverted or disputed accounts or
claims growing out of contractual relations, pro-
vided that said individual, company, corporation
or association complies with the above statute;
and provided further that nothing in this Act shall
be construed as prohibiting real estate agents from
collecting rents for their employers; provided that
nothing herein shall prevent Notaries Public from
drawing conveyances for or without compensation.

"Practice by corporation unlawful; acting as fidu-
ciary.

"Sec. 3.  It shall be unlawful for any corpor-
ation to practice law as defined by this Act or to
appear as an attorney for any person other than it-
self in any court in this State, or before any judi-
cial body or any board or commission of the State of
Texas; or hold itself out to the public or advertise
as being entitled to practice law; and no corpora-
tion shall prepare corporate charters or amendments
thereto, or other legal documents not relating to its
authorized business, or draw wills; or hold itself
out in any manner directly or indirectly as being en-
titled to do any of the foregoing acts; provided, that
the foregoing shall not prevent a corporation, per-
son or association of persons from employing an at-
torney or other agent or representative in regard to
its own affairs in any hearing or investigation be-
fore any administrative official or body.

"Provided, further, that the above provisions of
this Act shall not be construed to prohibit a person
or corporation acting in a fiduciary capacity from
transacting the necessary clerical business inciden-
tal to the routine or usual administration of estates,
trusts, guardianships, or other similar fiduciary
capacities, or filing accounts, preparing and filing
tax returns of every nature, and other such adminis-
trative acts, nor from participating through his or
its own agent or attorney, in cooperation with testa-
tor's attorney, in the preparation of testator's will,
where no compensation is charged for such service and

no compensation whatever is charged or received, other than the usual commission allowed by the court for administering the estate or trust, or provided for by the instrument creating the trust or other fiduciary relationship.

"And provided, further, that nothing herein shall prohibit any insurance company from causing to be defended, or prosecuted, or from offering to cause to be defended, through lawyers of its own selection, the insureds or assureds in policies issued or to be issued by it, in accordance with the terms of such policies; and shall not prohibit one such licensed attorney at law from acting for several common carriers or other corporations and associations or any of its subsidiaries pursuant to arrangement between said corporations or associations."

Section 5 of said act provides:

"The county attorney and/or District Attorney and/or Criminal District Attorney of any county in Texas shall on his own initiative or upon the application of any Bar Association in the State of Texas bring such action in the name of the State of Texas in the proper court to enjoin any such person, corporation, or association of persons from violating any of the provisions of this Act, and it shall be the duty of the county attorneys and/or District Attorney and/or Criminal District Attorney of this State to file complaints in the proper court against any person, corporation, or association of persons upon the receipt of information of the violation of any of the provisions of this Act."

Section 6 of said act provides:

"Any person, firm, corporation, or association of persons violating any of the provisions of this Act shall be guilty of a misdemeanor. If any provision of this Act is violated by any person individually or by any person or persons representing a corporation, or association, or by a corporation, the defendant or defendants upon conviction shall be punished by a fine of not more than Five Hundred ($500.00) Dollars nor less than One Hundred ($100.00) Dollars."

In view of the foregoing statute, you are respectfully advised that it is the opinion of this Department that a Notary Public who is not duly licensed to practice law has no authority to prepare any instrument and receive compensation therefor except a Notary fee for the acknowledgment of such instruments and that a Notary Public acting as an officer of a National Bank would be permitted to prepare such instruments in connection with the business of the bank or any other Notaries Public employed by any firm, corporation or association would have the right to prepare instruments in connection with the business of such corporation, firm or association but would not be entitled to charge a fee for the preparation of such instruments and could make no charge other than Notary fee for the acknowledgment of such instruments.

Trusting that the foregoing answers your inquiry, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Willi

Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS